CATHARINA DENTZ, RESPONDENT, *v.* JOHN P. O'NEILL, RECEIVER OF THE CONTINENTAL LIFE INSURANCE COMPANY, APPELLANT.

*Application for a policy of life insurance — warrantees — construction of questions as to medical attendance.*

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought upon a policy of insurance issued by the Continental Life Insurance Company upon the life of Simon Dentz, late husband of the plaintiff.

Numerous questions were raised upon the appeal, but the General Term considered that it was unnecessary to decide any of them except one, upon which it held that the appellant was entitled to a reversal of the judgment and a new trial. By the application for the policy the answers to the several questions contained in the application were declared to be warranties and " that if the same or any part thereof are in any respect untrue, or if any concealment has been practiced therein, * * * the policy to be issued hereon shall be void." Among the questions contained in the application were the following: " 14. Name and residence of the party's usual medical attendant?" To this question the applicant answered: " Have none." " 15. Has the said party within seven years consulted any other medical man than such as named above? If so, whom, for what and when?" To this question the applicant answered: " No." Evidence was given on the trial tending to show that Dr. C. H. Kleinschmidt, of Georgetown, D. C., who was the attending physician of the applicant at the time of his death, had been his usual medical attendant, but the evidence on that subject raised a question of fact for the jury which was disposed of by the verdict. The evidence also tended strongly to show that within seven years next preceding the applicant's death Dr. Kraus and Dr. Reilly, both physicians residing in Washington, had been consulted by the applicant, and each of them had on various occasions given him medical advice and attendance.

In relation to the fifteenth question the court charged as follows : " The fifteenth question is : ' Has the said party within seven years consulted any other medical man than such as named above ? If so, whom, for what and when ? ' If he had no usual medical attendant and he has answered that interrogatory correctly the answer in the negative of the succeeding query would necessarily be correct because he had not consulted any usual medical attendant." To this charge exception was taken.

The court at General Term said : " We think this charge was clearly erroneous. The fourteenth question called for the name and residence of the applicant's ' usual medical attendant.' The fifteenth calls for a statement whether the party has, within seven years, consulted any other medical man than a usual medical attendant, and if so to state whom, for what and when. The answer that the applicant had no usual medical attendant clearly did not justify him in saying that he had not within seven years consulted any other " medical man " than such a usual medical attendant, if in fact he had consulted a " medical man " who was not his usual medical attendant. His answer in the negative in such case would not, as charged by the learned judge, necessarily be correct, but would be untrue and incorrect. The idea of the court seems to have been that the fifteenth question has reference only to a usual medical man, named in *response to the fourteenth question ;* and, if none be named, then it would necessarily be correct for the applicant to answer that he had not, within seven years, consulted any other medical man, however many might have advised or attended upon him. The mistake seems to be in supposing that the words in the fifteenth question, " any other medical man than such as named above," have reference to some physician to be named in the answer to the fourteenth question, whereas the plain purpose and scope of the questions are to ascertain whether he had consulted any physician other than a usual medical attendant. In effect the applicant in this case declared that he had no usual medical attendant, and that within seven years he had not consulted any medical man.

The two answers amount to an explicit declaration that he had consulted no physician whatever. If in fact he had consulted several physicians his answer was necessarily untrue and defeated the object of the question, which was in part to make inquiry of any

physician he should name as having been consulted by him, whether he was a usual medical attendant or not. To hold that he might answer both these questions in the negative because he could properly answer the former in that manner, is to allow him to assert falsely a warranty that he had consulted no physician within seven years, because he could truly assert that he had no usual medical attendant. This construction would be a palpable violation not only of the object of the interrogatories but of their plain letter and spirit.

The judgment must be reversed and a new trial ordered, with costs to abide event.

*G. W. Wingate,* for the appellant.

*Samuel A. Blatchford,* for the respondent.

Opinion by DAVIS, P. J.; BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to abide event.